IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN BRAME, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  14-cv-0410-MJR-SCW |
| | ) |
| MARK HODGE, | ) |
| WARDEN STORM, | ) |
| DAVID VAUGHN, | ) |
| TONY KITTLE, | ) |
| RYAN SCHOON, | ) |
| SARAH JOHNSON, | ) |
| T. KEEN, | ) |
| J. COE, | ) |
| | ) |
|       Defendants.[1] | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

      A.    **Introduction and Procedural Overview**

      In April 2014, Shaun Brames (Plaintiff), an inmate at Lawrence Correctional Center, filed suit in this Court alleging various claims against nine Defendants (most of whom are correctional officials). On threshold review in a May 5, 2014 Order (Doc. 8) under 28 U.S.C. 1915A, the Court dismissed certain claims and concluded that three claims warranted further review.  Those claims are: Count 1 – a claim for infringement of the right to free exercise of religion under the First Amendment to the United States Constitution; Count 2 – a claim for violation of the right to free exercise of religion under a federal statute – the Religious Land Use and Institutionalized Persons Act (RLUIPA); and Count 3 – a state law claim (based on Illinois law) for intentional infliction of emotional distress. Those claims involved eight of the Defendants, on whom service was ordered.

---

[1]     Defendants Schoop, Vaughn, and Kittle have informed the Court that their proper names are Ryan Schoon, David Vaughn, and Tony Kittle.  The Clerk of Court is **DIRECTED** to correct the docket to reflect these Defendants' proper names.

Now before the Court is Plaintiff's September 17, 2014 Motion for Injunctive Relief (Doc. 44). Plaintiff requests that he be placed back on the kosher diet he was previously on at Lawrence Correctional Center. Defendants have filed a response (Doc. 47) opposing Plaintiff's motion.

### B. Summary of Key Allegations in Complaint and Motion

In his complaint, Plaintiff alleged that he is a Hebrew Israelite practicing Judaism. Shortly after entering Illinois Department of Corrections (IDOC) custody, Plaintiff asked that he be allowed to attend Jewish services. He was told that he was not allowed to do so because Hebrew Israelites are not classified as Jews (Doc. 8, p. 2.). However, since 2011 Plaintiff's identification card has listed him as Jewish (*Id.*).

Plaintiff alleges that he was repeatedly denied a kosher diet and denied participation in Jewish services and celebrations. He alleges that even though he wrote grievances on the issue, they were improperly addressed by correctional officials and that he did not receive responses to letters he sent to the head chaplain, David Vaughn. Plaintiff filed a grievance on February 14, 2012 claiming that he had been taken off of the kosher diet because he purchased non-kosher items from the commissary (*Id.*). He claims he did not know which items were non-kosher, and although he sought to meet with the chaplain to resolve the issue, he was not able to (*Id.* at pp. 2-3). On March 7, 2012, Plaintiff's counselor reviewed his grievance and returned Plaintiff to the kosher diet.

Plaintiff then filed a grievance on April 7, 2012 stating that he requested to be added to the Passover commemoration for two years and was denied. He was informed that the prison did not have a Passover commemoration service (*Id.* at p. 3). Sometime in September 2012, Plaintiff was again removed from his kosher diet and denied religious services with other Jewish inmates. He wrote the chaplain several times, but the chaplain never responded. He also filed several grievances on the issue (*Id.* at pp. 3-4).

As a result of being taken off of his kosher diet, Plaintiff went on a hunger strike in September 2012 and began eating only salads and fruits so as not to violate his kosher diet (*Id.* at p. 4). He was seen in July 2013 by an Advanced Practice Nurse at the healthcare unit about his weight loss, and a prescription was written ordering Plaintiff to be put back on his kosher diet. Plaintiff alleges that Defendant Vaughn voided the prescription (*Id.*). Five days later, while still on the hunger strike, Plaintiff discussed his issues with Warden Hodge, and Hodge ordered the kitchen staff to put Plaintiff back on his kosher diet (*Id.*). Since that time, Plaintiff remains on a kosher diet, but Plaintiff claims the diet consists of mostly beans which make him have gas build up around his heart (*Id.* at p. 4). Although he has seen a doctor, Plaintiff alleges that the healthcare unit refuses his request for a no-bean diet (*Id.*). Plaintiff claims he cannot eat much of his meals because they consist of beans, and as a result he has lost weight (*Id.* at pp. 4-5).

The complaint alleges that Defendant Vaughn has violated Plaintiff's constitutional rights by repeatedly denying him a kosher diet, attendance at Jewish services, and participation in Jewish holidays. Plaintiff also alleges that Defendant Coe violated his rights by refusing his request for a no-bean kosher diet, effectively forcing him to choose between adhering to his diet (and suffering gastrointestinal problems) or not eating the kosher diet (which would violate his religious beliefs). As to the remaining Defendants, Plaintiff alleges they violated his rights by inadequately addressing his grievances. Plaintiff seeks injunctive relief under RLUIPA. He also brought an intentional infliction of emotional distress claim against Defendants for these same allegations.

On September 17, 2014, Plaintiff filed the instant motion for injunctive relief (Doc. 44). Plaintiff seeks an injunction against retaliation that he believes is being taken against him because of his current lawsuit. Plaintiff alleges that Defendant Vaughn and G. Walker, a food supervisor, are retaliating against him. Specifically, Plaintiff alleges that G. Walker (not a Defendant herein) placed a

cake on Plaintiff's kosher tray after asking Plaintiff if he wanted cake. Plaintiff states that he assumed the cake was kosher and thus accepted the cake. Plaintiff alleges that he was then disciplined and informed that he would be removed from the kosher diet because he ate the cake. Plaintiff requests an injunction placing him back on his kosher diet and preventing Lawrence Correctional Center from violating his First Amendment Rights.

### C. Analysis

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). To obtain a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer*, 682 F.3d at

683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The United States Court of Appeals for the Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

The Court finds that a preliminary injunction is not justified in this case. As noted above, Plaintiff seeks an injunction for retaliation he is allegedly suffering at the hands of Defendant Vaughn and Food Supervisor G. Walker. Plaintiff contends that Walker purposefully put a non-kosher piece of cake on his tray so that he could write a disciplinary report against Plaintiff, all in retaliation for Plaintiff's lawsuit. However, G. Walker is not a party to this case, nor has Plaintiff raised a retaliation claim in his complaint. Furthermore, the events which make up this new claim took place on August 30, 2014, well after Plaintiff filed his complaint in April 2014. If Plaintiff wishes to have the Court consider this new claim against this new party, he must bring it in a new suit after properly exhausting his administrative remedies.

Plaintiff also alleges that Defendant Vaughn was involved in the retaliation and as a result of the cake incident, Plaintiff was removed from the kosher diet. Again, this is a new claim which allegedly occurred after Plaintiff filed his complaint. Plaintiff's complaint alleged that he was denied a

kosher diet from September 2012 to July 2013, and that since July 2013 he was *given* a kosher diet. Thus, his claim that he has now been taken off the kosher diet is a new claim which Plaintiff must bring to the Court in a new lawsuit, once he has properly exhausted his administrative remedies. *George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007).** Accordingly, the Court finds that Plaintiff is not entitled to injunctive relief for these new claims.

### D. Conclusion

For these reasons, the Court **DENIES** Plaintiff's motion for preliminary injunction (Doc. 44).

IT IS SO ORDERED.

DATED December 2, 2014.

                                                    **s/ Michael J. Reagan**
                                                  Michael J. Reagan
                                                  United States District Judge